IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 19-cv-02173-PAB

AHMED A. HAKEEM,

    Plaintiff,

v.

DENVER PUBLIC SCHOOLS,

    Defendant.

## ORDER

The Court takes up this matter *sua sponte* on defendant's Notice of Removal [Docket No. 1]. Because removal was improper, the case is remanded to the state court for all further proceedings.

## I. BACKGROUND

On June 12, 2019, plaintiff Ahmed A. Hakeem filed a complaint against defendant Denver Public Schools in the District Court for the City and County of Denver. Docket No. 2. Defendant was served with the complaint on June 18, 2019. Docket No. 1-5 at 1. Plaintiff then filed an amended complaint[1] on July 8, 2019. Docket No. 4. Defendant was served with the amended complaint that same day. Docket No. 1-9 at 1. On July 30, 2019, defendant filed a notice of removal, asserting

---

[1] In plaintiff's amended complaint, he requested that the state court "add these Charges [in the amended complaint] to the [original] complaint." *See* Docket No. 4 at 2. Because plaintiff is proceeding pro se, the Court construes his filings liberally, *see Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), and will consider the documents together as his operative complaint.

that the Court has jurisdiction over this case under 28 U.S.C. § 1331. Docket No. 1 at 2, ¶ 1.[2]

## II. LEGAL STANDARD

Generally, a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). There are two basic statutory grounds for original jurisdiction in federal district courts: federal-question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332. *Nicodemus v. Union Pac. Corp.*, 318 F.3d 1231, 1235 (10th Cir. 2003). As noted above, defendant alleges that the Court has federal-question jurisdiction over this case.

"Federal courts must strictly construe their removal jurisdiction." *Envtl. Remediation Holding Corp. v. Talisman Capital Opportunity Fund, L.P.*, 106 F. Supp. 2d 1088, 1092 (D. Colo. 2000). It is well settled that "[t]he party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004). There is a presumption against removal jurisdiction. *MPVF Lexington Partners, LLC v. W/P/V/C, LLC*, No. 15-cv-0467-WJM-KMT, 2016 WL 8234667, at *6 (D. Colo. Sept. 13, 2016) (citing *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974)). "[A]ll

---

[2]A notice of removal must be filed within 30 days after the receipt by the defendant "of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). Defendant bases its notice of removal on plaintiff's amended complaint and his addition of a "discrimination claim." *See* Docket No. 1 at 3. Because, as set out below, it is not evident from plaintiff's initial complaint that he sought to bring a federal claim, the Court finds that defendant's notice of removal, filed within 30 days of the amended complaint, was timely filed.

2

doubts are to be resolved against removal." *Fajen v. Foundation Reserve Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982). Thus, the Court presumes that no jurisdiction exists absent an adequate showing by the party invoking federal jurisdiction. *Lorentzen v. Lorentzen*, No. 09-cv-00506-PAB, 2009 WL 641299, at *1 (D. Colo. Mar. 11, 2009).

If, at any time, "a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue." *Cunningham v. BHP Petroleum Great Britain PLC*, 427 F.3d 1238, 1245 (10th Cir. 2005). Where a case has been removed from state court and a court determines any time prior to final judgment that jurisdiction is lacking, 28 U.S.C. § 1447(c) mandates that the case be remanded to state court. *See McPhail v. Deere & Co.*, 529 F.3d 947, 951 (10th Cir. 2008).

## III. ANALYSIS

"The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "Under the longstanding well-pleaded complaint rule, however, a suit 'arises under' federal law only when the plaintiff's statement of his own cause of action shows that it is based upon federal law." *Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) (quoting *Louisville & Nashville R.R. Co. v. Mottley*, 211 U.S. 149, 152 (1908)) (internal quotation marks and alteration marks omitted). In other words, "[a]s a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003). To find removal jurisdiction, "the required federal right or immunity must be an essential element of the plaintiff's cause of action, and . . . the federal controversy must be

3

disclosed upon the face of the complaint, unaided by the answer or by the petition for removal." *Fajen*, 683 F.2d at 333 (internal quotation marks omitted).

In the present case, plaintiff's state court complaint raises claims of breach of contract, "discrimination," and wrongful termination. Docket No. 4 at 2, ¶¶ 2-3. Plaintiff alleges that, "[a]fter an investigation by the Colorado Department of Labor and Employment, the City Attorney's office[,] . . . the Denver Police Department and the EEOC[,] all of which have ruled in the Plaintiff's favor . . . [defendant] has done nothing to overturn [plaintiff's] discharge." Docket No. 2 at 1, ¶ 6. In its notice of removal, defendant states that "it is apparent that Plaintiff's 'discrimination' claim arises under federal anti-discrimination statutes" because (1) plaintiff's original complaint references the EEOC; (2) plaintiff's amended complaint sets forth a "discrimination" cause of action; and (3) plaintiff filed a charge with the EEOC and received a right to sue letter. Docket No. 1 at 3.

The Court disagrees. Plaintiff's complaint does not, on its face, demonstrate that his claims are grounded in federal law. First, the fact that the EEOC is mentioned in plaintiff's complaint has no bearing on whether the Court has subject matter jurisdiction over plaintiff's lawsuit. Plaintiff alleges that the EEOC conducted some investigation and subsequently "ruled in [his] favor." Docket No. 2 at 1, ¶ 6. Such an allegation is too ambiguous for the Court to construe as a basis for a federal claim. *See Lees v. RMCI Inc.*, 2011 WL 13284660, at *2 (D.N.M. July 13, 2011) (finding that "reference to an appeal of the EEOC's determination is insufficient to establish federal question jurisdiction" where there is "no reference or citation to Title VII or other federal laws"); *cf. Olivas v. Las Cruces Medical Center, LLC*, 2011 WL 13277504, at *3 (D.N.M. Dec. 8,

4

2011) (finding removal after amended complaint timely because "[a] mere reference to a plaintiff's filing of an EEOC Charge of Discrimination and/or attachment of an EEOC Right to Sue letter to an initial pleading does not signal that a plaintiff is asserting a federal cause of action."). Further, while plaintiff mentions an EEOC investigation in his complaint, he also references investigations by three state entities – the Colorado Department of Labor and Employment, the City Attorney's Office, and the Denver Police Department. Docket No. 2 at 1, ¶ 6. Thus, the mere mention of the EEOC, along with these other entities, does not demonstrate that plaintiff has based his claim in federal law.

Second, although plaintiff has added a "discrimination" claim to his complaint, it does not necessarily follow that this claim arises under federal law. Plaintiff's complaint does not affirmatively allege a federal claim and makes no reference to federal law. Thus, it is not clear from plaintiff's complaint that removal is available. *See Lees*, 2011 WL 13284660, at *2; *see also Warner Bros. Records, Inc. v. R. A. Ridges Distrib. Co., Inc.*, 475 F.2d 262, 264 (10th Cir. 1973) (no right to removal on face of plaintiff's complaint, which "[did] not invoke any federal laws," "[made] no mention of a federal law," and did not "allege that the cause [arose] under any such law").

"For a case to arise under federal law within the meaning of § 1331, the plaintiff's 'well-pleaded complaint' must establish one of two things: 'either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Firstenberg v. City of Santa Fe, N.M.*, 696 F.3d 1018, 1023 (10th Cir. 2012) (quoting *Nicodemus v. Union Pac. Corp.*, 440 F.3d 1227, 1232 (10th Cir. 2006)). Plaintiff's claim of discrimination could properly

5

be brought under the Colorado Anti-Discrimination Act.  *See* Colo. Rev. Stat. § 24-34-402 (prohibiting employment discrimination).  Because plaintiff's cause of action was not created by federal law, and his right to relief does not depend on the resolution of a substantial question of federal law, it does not appear from the face of plaintiff's complaint that this claim arises under 28 U.S.C. § 1331.[3]

Finally, even the fact that the EEOC issued plaintiff a right to sue letter – which is not referenced in plaintiff's complaint – does not demonstrate that plaintiff seeks to bring a federal claim here.  "While the EEOC notice gave Plaintiff the right to bring a suit under state and/or federal law, it did not require [him] to do either.  As the master of [his] claim, it was Plaintiff's prerogative to avoid federal jurisdiction by relying exclusively on state law."  *Olivas*, 2011 WL 13277504, at *3.

That plaintiff received a right to sue letter does not permit the Court to presume that plaintiff is raising his claims under federal law.  "[F]ederal courts do not presume jurisdiction to exist but require an adequate showing of jurisdiction from the party invoking it."  *United States ex rel. King v. Hillcrest Health Center, Inc.*, 264 F.3d 1271, 1278 (10th Cir. 2001).  The Court will not draw inferences to create federal jurisdiction where the party invoking it has failed to demonstrate its existence.  "[W]hen the question to be considered is one involving the jurisdiction of a federal court, jurisdiction must be shown affirmatively, and that showing is not made by drawing from the

---

[3]Further, in his original complaint, plaintiff cited a Colorado Court of Appeals case applying Colorado law.  *See* Docket No. 2 at 1 (citing *Lucero v. Indus. Claim Appeals Office of State of Colo.*, 812 P.2d 1191, 1193 (Colo. App. 1991)).  Thus, the only reference to the law in plaintiff's complaint is to Colorado law, which suggests that plaintiff intends to proceed under state law.

6

pleadings inferences favorable to the party asserting it." *Sac & Fox Nation of Okla. v. Cuomo*, 193 F.3d 1162, 1168 (10th Cir. 1999) (alteration in original) (quoting *Shipping Fin. Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998)). For these reasons, the Court concludes that it does not have subject matter jurisdiction over this case and will remand the case to state court.

## IV. CONCLUSION

For these reasons, it is

**ORDERED** that this case is remanded to the District Court for the City and County of Denver, Colorado, where it was filed as Case No. 2019CV320. It is further

**ORDERED** that this case is closed.

DATED August 23, 2019.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
Chief United States District Judge